IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LA'SHAWN WILSON-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 12-203-GPM |
| ) | |
| REV. JAMES MUTAYOBA, ) | |
| DANA TYLKA, MICKEY M. WALTON, ) | |
| and KENNETH E. HUGHES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Danville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he is a member of the Moorish Science Temple of America religion and that, while he was confined at Robinson Correctional Center, his request for a religious diet was denied by Defendants Reverend James Mutayoba and Assistant Warden Dana Tylka. He also claims that Defendants Mickey M. Walton and Kenneth E. Hughes, who are correctional counselors, denied his grievance regarding the refusal to give him a vegan diet.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Mutayoba and Tylka for violation of his First Amendment right to practice his religion (Count 1). He attempts to state a claim against those defendants for violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42

1

U.S.C. §2000cc, as well, but that claim (Count 2) must be dismissed on preliminary review. Plaintiff seeks only damages, and not injunctive relief. However, he cannot sue these Defendants in either their individual or official capacities for damages under RLUIPA. *Maddox v. Love*, **655 F.3d 709, 717 (7th Cir. 2011)**. Further, plaintiff's claim against Defendants Walton and Hughes (Count 3) must also be dismissed. His allegation that they denied his grievance does not state a federal constitutional claim. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, **507 F.3d 605, 609-610 (7th Cir. 2007).**

**Disposition**

In summary, Defendants **MICKEY M. WALTON** and **KENNETH E. HUGHES** are **DISMISSED** from this action with prejudice. The claim under RLUIPA against Defendants Mutayoba and Tylka is likewise dismissed with prejudice. The action proceeds against Defendants Mutayoba and Tylka on Plaintiff's claim for violation of his First Amendment right to practice his religion.

The Clerk of Court shall prepare for Defendants **REVEREND JAMES MUTAYOBA and DANA TYLKA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 17, 2012.**

                **s/ G. Patrick Murphy**
                **G. PATRICK MURPHY**
                **United States District Judge**