IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LA'SHAWN WILSON-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-203-GPM-DGW |
| ) | |
| JAMES MUTAYOBA and DANA TYLKA, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Strike filed by Plaintiff, La'Shawn Wilson-El, on December 3, 2012 (Doc. 22) and the Motion to Appoint Counsel filed by Plaintiff on December 11, 2012 (Doc. 23). The Motion to Strike is **DENIED** and the Motion to Appoint Counsel is **DENIED.**

Plaintiff seeks to strike various paragraphs of the Answer (Doc. 20) filed by Defendants on November 2, 2012. Plaintiff takes issue with the veracity of various responses contained in the Answer and the viability of the affirmative defenses. Federal Rule of Civil Procedure 12(f) provides that this Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's Motion merely expresses a difference of opinion as to Defendants' responses to the statement of facts contained in Complaint. This is not an appropriate reason to strike pleadings. There is nothing impertinent or improper about disagreeing with Plaintiff's rendition of the facts related to this lawsuit.

As stated in this Court's previous Order dated March 6, 2012 (Doc. 6), Plaintiff has no constitutional or statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court

"may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656.

Plaintiff appears to be competent to try this matter without the assistance of a court appointed attorney. Each of Plaintiff's pleadings are articulate and it is clear that Plaintiff has no limitations in seeking out relief. This matter is also not overly complicated: Plaintiff is complaining that he is limited in the practice of his religion by Defendants' refusal to approve a vegan diet. Such a claim does not appear to be beyond Plaintiff's capacity to prosecute. While the Court is mindful that Plaintiff is proceeding *in forma pauperis* and may not have the resources to hire an expert, the Court in unconvinced, at this stage of the proceedings, that such an expense would be necessary.

**DATED: December 12, 2012**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**