IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LA'SHAWN WILSON-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV- 203-NJR-DGW |
| | ) |
| REV. JAMES MUTAYOBA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 112). Plaintiff's counsel seeks $15,001.50 in attorneys' fees. Defendant has filed a Response (Doc. 116) arguing that Plaintiff should be required to pay twenty-five percent (which amounts to $2,525.25) of the fees. For the reasons set forth below, Plaintiff's Motion is granted.

## Background

Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while he was incarcerated within the Illinois Department of Corrections. Plaintiff alleged a violation of his First Amendment right to freely exercise his religion. Specifically, Plaintiff alleged that the denial of his request for a vegan diet was a violation of his First Amendment Free Exercise rights.

This matter proceeded to a jury trial, and on February 13, 2015, the jury returned a verdict for Plaintiff. The jury awarded Plaintiff $1.00 in compensatory damages and $10,100.00 in punitive damages (Doc. 106).

## Analysis

Pursuant to 42 U.S.C. § 1988, a "prevailing party" in a Section 1983 action is entitled to "reasonable" attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). A civil rights plaintiff is considered to be a "prevailing party" if he or she succeeds on "any significant issue in the litigation." *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985); *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). "[A] plaintiff who wins nominal damages is a prevailing party under § 1988." *Id.* at 112.

Furthermore, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, limits an incarcerated plaintiff's fee award. The PLRA places relative and absolute limits on the amount of the fee award. "Subsections (1) and (2) establish relative limits: fees must be "proportionately related to the court ordered relief" and, when monetary relief is awarded, the fees attributable to that relief cannot exceed 150% of the damages. Subsection (3) establishes an absolute limit at 150% of the hourly rate for defense counsel under the Criminal Justice Act, times the number of hours reasonably devoted to the litigation." *Johnson v. Daley*, 339 F.3d 582, 583 (7th Cir. 2003).

Plaintiff acknowledges that his counsel is limited under the PLRA to a total amount of attorneys' fee award of 150% of the judgment. Counsel has thus calculated attorneys' fees at $15,001.50, which represents 150% of the judgment.[1] Defendant argues that, pursuant to the PLRA, Plaintiff should be ordered to pay twenty-five percent or $2,525.25 to his counsel to compensate them for their work on Plaintiff's behalf, leaving Defendant to pay the balance of the attorneys' fees in the amount of $12,626.25.

The PLRA provides that "whenever a monetary judgment is awarded…a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorneys' fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2). Clearly, the PLRA requires that some part of the jury award be used to satisfy a fee award, with twenty-five percent as the maximum set-off amount. *Id*. Courts have concluded that while § 1997e(d)(2) requires that a plaintiff pay some of the fee award from the judgment, it does not require that a plaintiff pay the entire twenty-five percent. *See Johnson v. Daley*, 2002 WL 23274532, at *1 (W.D. Wis., 2003) (on remand from the Seventh Circuit for an award of attorneys' fees that complied with Section 1997e(d), the district court applied $200.00 of the $40,000.00 judgment toward the fee award); *Cornell v. Gubbles*, 2010 WL 3937597, at *2 (C.D. Ill. 2010) (ordering that one percent or $37.50, of plaintiff's judgment should be applied against attorneys' fees); *Jellis v. Veath*, 2013 WL 1689061 (S.D. Ill. 2013) (ordering that plaintiff pay five percent of his recovery towards

---

[1] Counsel indicated that their normal fee, based on the reasonable and customary rates charged by Stinson Leonard Street LLP for legal work performed by counsel, would be $135,231.50.

attorneys' fees); *Shatner v. Cowan*, 2009 WL 5210528 (S.D. Ill. 2009) (finding that a nominal contribution of $1.00 against the judgment was within the Court's discretion under the statute).

In light of the facts of this case, the Court finds that requiring Plaintiff to pay twenty-five percent of his total damages toward attorneys' fees would defeat the purpose of awarding him compensatory and punitive damages. *See Shatner*, 2009 WL 5210528, at *4. Accordingly, the Court finds that Plaintiff shall pay a nominal contribution of $1.00. This amount recognizes Plaintiff initially proceeded *pro se*, that counsel was recruited on a *pro bono* basis, and that Plaintiff benefitted from counsel's appointment. To require Plaintiff to pay more of the attorneys' fees from his judgment would defeat the purpose of awarding him punitive damages.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees is **GRANTED**. Plaintiff is awarded attorneys' fees in the amount of $15,001.50. Of that amount, Plaintiff shall pay $1.00 to be deducted from Plaintiff's recovery towards attorneys' fees, and Defendant shall pay $15,000.50.

**IT IS SO ORDERED.**

**DATED: April 29, 2015**

s/ Nancy J. Rosenstengel____
**NANCY J. ROSENSTENGEL**
**United States District Judge**
