IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LA'SHAWN WILSON-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-203 -NJR- DGW |
| | ) |
| REV. JAMES MUTAYOBA, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is the Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for a New Trial (Doc. 117) filed by Defendant Rev. James Mutayoba. Plaintiff has filed a Response (Doc. 121) in opposition to the Motion. For the foregoing reasons, Defendant's Motion is denied.

## Background

Plaintiff, La'Shawn Wilson-El, formerly incarcerated at Robinson Correctional Center, brought this action for deprivations of his First Amendment rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff, a member of the Moorish Science Temple of America ("MSTA"), alleged that the denial of his request for a vegan diet was a violation of his First Amendment Free Exercise rights.

At trial, Defendant testified that he believed his sole authority to grant or deny a religious diet was in the Chaplaincy Handbook of Religious Beliefs and Practices (the "Chaplaincy Handbook"). Defendant testified that he relied on the Chaplaincy

Handbook when denying Plaintiff's vegan diet because the Chaplaincy Handbook said it was proper to do so. On cross-examination, Plaintiff displayed the following excerpts of the Chaplaincy Handbook to the jury:

> An inmate has a right to receive a diet that is consistent with his religious beliefs. This is a constitutional right under the First Amendment. Making it very difficult for an inmate to obtain a diet required or motivated by his religion would be improper and could result in serious legal liability for the Department and for the individuals involved.
>
> Upon transfer from one facility to another facility, an inmate should not have a problem continuing on the religious diet that he may have been getting for years elsewhere. If an inmate has been approved for a religious diet at one facility, this approval and diet should follow him automatically to any other facility. An inmate should not have to provide any further information or verification at the new facility that his religion practices the particular diet or that his request is sincere. To reiterate, once an inmate has received approval for a religious diet at a facility, that approval should remain effective, regardless of any facility transfers, for the entire term of his incarceration, absent some later indication for fraud or scam or abandonment of the religion. A transfer should not affect a religious diet approval.
>
> Although section 425.70(c) of this Rule indicates an offender's request for a religious diet must cite membership in "a faith group that requires adherence to a particular diet," IDOC does not require such faith group membership nor require that a religious diet be obligatory, but rather looks to individual religious sincerity in considering any inmate's religious diet request.

(*See* Doc. 121, pp. 5-6, *citing* Plaintiff's Trial Exhibit 20).

This matter proceeded to a three-day jury trial beginning on February 11, 2015. Defendant moved for judgment as a matter of law at the close of Plaintiff's case, which this Court denied. Defendant again moved for judgment as a matter of law regarding punitive damages at the close of Defendant's case. The Court took the motion under advisement. On February 13, 2015, the jury returned a verdict for Plaintiff. The jury

awarded Plaintiff $1.00 in compensatory damages and $10,100.00 in punitive damages (Doc. 106).

## Standard of Review

A motion for judgment as a matter of law made during trial, which is denied by the Court may be renewed pursuant to Federal Rule of Civil Procedure 50(b). A Rule 50(b) motion should be granted only when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that issue." *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 886 (7th Cir. 2001). The standard governing a Rule 50(b) renewed motion for judgment as a matter of law is the same as used in determining a motion for summary judgment pursuant to Rule 56, meaning that the Court must review the entire record, construing all the evidence in favor of the nonmoving party. *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003) (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000)).

Evidence is strictly construed "in favor of the party who prevailed before the jury," and the Court may examine "the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012). The Court does not make credibility findings or weigh the evidence and must disregard evidence favorable to the moving party that the jury was not required to believe. *Id.* at 659. The Seventh Circuit has stated that "overturning a jury verdict is not something [the court] do[es] lightly," *Massey v. Blue Cross–Blue Shield of Ill.*, 226 F.3d 922, 925 (7th Cir. 2000), and it will only do so if the moving party can

show that no rational jury could have brought in a verdict against it. *Hossack v. Floor Covering Associates of Joliet, Inc.*, 492 F.3d 853, 859 (7th Cir. 2007).

## Discussion

### A. Renewed Motion for Judgment as a Matter of Law

Defendant argues that he is entitled to judgment in his favor because the evidence was insufficient for an award of punitive damages. Relying on *Kolstad v. American Dental Association*, 527 U.S. 526 (1999), Defendant contends that the evidence was insufficient to show that Defendant made his decision perceiving that his actions violated federal law; rather the evidence showed that Defendant was acting in accordance with his understanding or misunderstanding of the proper protocol as defined in the Chaplaincy Handbook.

The jury was instructed that they could award punitive damages if they found that Defendant's conduct was "malicious or in reckless disregard of Plaintiff's rights" (*See* Doc. 100). Defendant does not argue that there was insufficient evidence to support such a finding; rather Defendant argues that punitive damages are not appropriate if Defendant believed that his actions were lawful. Defendant's analysis is erroneous.

Contrary to Defendant's assertions, the appropriate standard for the availability of punitive damages in an action under 42 U.S.C. § 1983 was enunciated by the United States Supreme Court in *Smith v. Wade*, 461 U.S. 30, 56 (1983):

> "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."

*Id.*; *see also Alexander v. City of Milwaukee*, 474 F.3d 437, 453 (7th Cir. 2007).

As Plaintiff asserts, there was sufficient evidence from which a jury could find that Defendant's conduct was in reckless disregard for Plaintiff's rights. Reviewing the evidence in the light most favorable to Plaintiff, as is required under Rule 50(b), there was testimony that Defendant simply ignored numerous provisions of the Chaplaincy Handbook which confirmed that he was violating Plaintiff's federally-protected rights.

Questions of credibility and weight of the evidence are left to the jury. *See United States v. Hassebrock,* 663 F.3d 906, 920 (7th Cir.2011) (quoting *Lowe v. Consol. Freightways of Del.,* 177 F.3d 640, 642–43 (7th Cir.1999) ("The fact that [the defendant] presented evidence that is inconsistent with the jury's verdict does not mean that the verdict should be reversed…. The jury was there; it weighed the witnesses' credibility, considered the evidence, and reached a supportable conclusion")). It is the jury's job–not this Court's–to figure out who is telling the truth. Accordingly, within the bounds of its discretion, the Court finds the evidence presented was sufficient to support the jury's verdict.

### B. Motion for a New Trial

In the alternative to his Rule 50(b) Motion, Defendant seeks a new trial pursuant to Federal Rule of Civil Procedure 59(a). Rule 59(a) allows the Court, after a jury trial, to grant a new trial on all or as to some of the issues, as to any party, "for any reasons for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a).

1. *Manifest Weight of the Evidence*

Defendant first argues that the jury's verdict in favor of Plaintiff was against the manifest weight of the evidence in that the evidence did not support a finding that punitive damages were warranted.

A new trial "is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Venson v. Altamirano,* 749 F.3d 641, 656 (7th Cir. 2014) (citing *Willis v. Lepine,* 687 F.3d 826, 836 (7th Cir. 2012)). In ruling on a Rule 59(a) motion, the Court has discretion to weigh the evidence but "cannot grant a new trial just because it believes the jury got it wrong." *Whitehead v. Bond,* 680 F.3d 919, 928 (7th Cir. 2012). The Court may only set aside a verdict "if no rational jury could have rendered the verdict." *Willis,* 687 F.3d at 836 (quoting *Moore ex rel. Estate of Grady v. Tuelja,* 546 F.3d 423, 427 (7th Cir. 2008) (internal citations omitted)). The Seventh Circuit also has noted that jury verdicts deserve deference when the case involves "simple issues but highly disputed facts." *Id.*

As stated previously, there was sufficient evidence presented from which a reasonable jury could find in Plaintiff's favor. Despite Defendant's assertions, there was ample evidence adduced at trial supporting the jury's verdict. The Chaplaincy Handbook alone contradicted Defendant's contention that he could not provide Plaintiff with his requested vegan meal. It was in the jury's province to determine credibility, and here, the jury chose to believe Plaintiff. *Whitehead,* 680 F.3d at 928 (Noting that it is the jury's job to determine credibility of evidence and verdict will not

be set aside if they weighed the evidence and credibility and came to a supportable conclusion). Thus, the Court finds the jury's verdict reasonable.

    2. *Denial of Motion in Limine*

This Court has wide discretion in admitting and excluding evidence. *See United States v. Wilson*, 437 F.3d 616, 620 (7th Cir. 2006) (giving "special deference" to the trial court's determinations); *see also United States v. LeShore*, 543 F.3d 935, 939 (7th Cir.2008). Federal Rule of Evidence 403 permits a court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013).

Defendant asserts that the Court erred in precluding Defendant from presenting any evidence related to the subsequent revocation of Plaintiff's religious diet while incarcerated at Danville Correctional Center. But this lawsuit centered on the period of time Plaintiff was incarcerated at Robinson Correctional Center. Evidence regarding Plaintiff's subsequent treatment at another IDOC facility was wholly irrelevant and had no bearing on Defendant's decision to deny Plaintiff's dietary request.

    3. *Punitive Damages Jury Instructions*

Finally, Defendant argues that the Court's punitive damage instruction did not accurately state the law regarding the availability of punitive damages because it failed to inform the jury that it should only assess punitive damages if Defendant's action was taken with knowledge that it may violate the law.

In order to obtain a new trial based on improper jury instructions, the moving party must show that "(1) the instructions did not accurately state the law, and (2) the error prejudiced [the party] because the jury was likely to be misled or confused." *Johnson v. General Bd. of Pension & Health Benefits of United Methodist Church,* 733 F.3d 722, 733–34 (7th Cir. 2013) (*citing Rapold v. Baxter Int'l Inc.,* 718 F.3d 602, 609 (7th Cir. 2013)). Instructions are reviewed as a whole in order to determine if they were sufficient "to inform the jury of the applicable law." *Rapold,* 718 F.3d at 609. The district court "enjoys wide latitude in crafting jury instructions, and as long as those instructions do not misstate the law or fail to convey the relevant legal principles in full, they will stand." *Hicks v. Forest Preserve Dist. of Cook County, Ill.,* 677 F.3d 781, 791 (7th Cir. 2012) (quoting *Byrd v. Ill. Dep't of Pub. Health,* 423 F.3d 696, 705 (7th Cir. 2005) (internal citations omitted)).

The punitive damage instruction read to the jury was taken directly from Seventh Circuit Pattern Jury Instruction 7.24:

> Wilson-El must prove by a preponderance of the evidence that punitive damages should be assessed against Rev. Mutayoba. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Wilson-El's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of a Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's rights.

(Doc. 100). This instruction was unmodified and is the proper standard governing punitive damages in cases brought under 42 U.S.C. § 1983. *See Smith*, 461 U.S. at 56; *see also Wright v. Miller,* 561 F. App'x 551, 555 (7th Cir. 2014) (noting that to award punitive

damages, a jury must find that the defendant was "motivated by evil motive or intent" or acted with "reckless or callous indifference" to the plaintiff's constitutional rights).

## Conclusion

For the foregoing reasons, Defendant Rev. James Mutayoba's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for a New Trial (Doc. 117) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 8, 2015**

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL
United States District Judge**